Jason M. Drangel (JD 7204)
jdrangel@ipcounselors.com
Ashly E. Sands (AS 7715)
asands@ipcounselors.com
Danielle Futterman (DY 4228)
dfutterman@ipcounselors.com
Gabriela N. Nastasi
gnastasi@ipcounselors.com
Grace A. Rawlins
grawlins@ipcounselors.com
EPSTEIN DRANGEL LLP
60 East 42nd Street, Suite 1250
New York, NY 10165
Telephone:    (212) 292-5390
Facsimile:    (212) 292-5391
*Attorneys for Plaintiff*
*The Pinkfong Company, Inc.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| THE PINKFONG COMPANY, INC., <br><br> *Plaintiff* <br><br> v. <br><br> ANQINGTAXIANG, ASHARKCOSTUME, CHENGDUYAORONGZHENXUANMAOYIYOUX IANGONGSI, CHENWEIQI-US, FO SHAN SHI SI MA TE FU SHI YOU XIAN GONG SI, GUIZHOU LANGJIA TRADING CO., LTD., HZSY, LINCHEN4, LIWANGJUN, LIYIHUADIANPU, LOMON CARTOON, MACAENA, MILIUS, MOEYCO, MOYAG, PADDY FIELD, SHAYUSET, TAIANZHANZHENG, TUWANG, WENCHENG USA, XIANQILIANGMUWEILAIKEQI AND 施六金DE店    a/k/a    SHILIUJIN    STORE, <br><br> *Defendants* | CIVIL ACTION NO.: 24 Civ. 6055 <br><br> [PROPOSED] <br> 1) TEMPORARY RESTRAINING ORDER; 2) ORDER RESTRAINING MERCHANT STOREFRONTS AND DEFENDANTS' ASSETS WITH THE FINANCIAL INSTITUTIONS; 3) ORDER TO SHOW CAUSE WHY A PRELIMINARY INJUNCTION SHOULD NOT ISSUE; 4) ORDER AUTHORIZING BIFURCATED AND ALTERNATIVE SERVICE; AND 5) ORDER AUTHORIZING EXPEDITED DISCOVERY <br><br> **FILED UNDER SEAL** |

## GLOSSARY

| Term | Definition |
|------|------------|
| **Plaintiff or Pinkfong** | The Pinkfong Company, Inc. |
| **Defendants** | anqingtaxiang, Asharkcostume, chengduyaorongzhenxuanmaoyiyouxiangongsi, chenweiqi-us, fo shan shi si ma te fu shi you xian gong si, Guizhou Langjia Trading Co., Ltd., hzsy, linchen4, LIWANGJUN, liyihuadianpu, LOMON CARTOON, MACAENA, MILIUS, Moeyco, MoYag, Paddy Field, SHAYUSET, taianzhanzheng, Tuwang, Wencheng usa, XIANQILIANGMUWEILAIKEQI and 施六金de 店 a/k/a Shiliujin store |
| **Amazon** | Amazon.com, a Seattle, Washington-based, online marketplace and e-commerce platform owned by Amazon.com, Inc., a Delaware corporation, that allows manufacturers and other third-party merchants, like Defendants, to advertise, distribute, offer for sale, sell and ship their retail products, which, upon information and belief, primarily originate from China, directly to consumers worldwide and specifically to |
| **Epstein Drangel** | Epstein Drangel LLP, counsel for Plaintiff |
| **New York Address** | 244 Madison Ave, Suite 411, New York, New York 10016 |
| **Complaint** | Plaintiff's Complaint |
| **Application** | Plaintiff's *ex parte* Application for: 1) a temporary restraining order; 2) an order restraining Merchant Storefronts (as defined *infra*) and Defendants' Assets (as defined *infra*) with the Financial Institutions (as defined *infra*); 3) an order to show cause why a preliminary injunction should not issue; 4) an order authorizing bifurcated and alternative service and 5) an order authorizing expedited discovery |
| **Choi Dec.** | Declaration of Jungho Choi in Support of Plaintiff's Application |
| **Rawlins Dec.** | Declaration of Grace A. Rawlins in Support of Plaintiff's Application |
| **Baby Shark Content** | One of Pinkfong's most successful creations, which is the Pinkfong "Baby Shark" song and viral music video with characters |
| **Baby Shark Registrations** | U.S. Trademark Registration Nos. 6,834,502 for "BABY SHARK" for a variety of goods in Classes 2, 3, 9, 14, 16, 18, 20, 21, 24, 25, 26, 27, 28, 29 and 30; 5,803,108 for "BABY SHARK" for a variety of goods in Class 28; 6,488,471 for "BABY SHARK" for a variety of goods |

| | |
|---|---|
| | in Classes 9, 16, 25 and 41; 7,249,577 for "BABY SHARK" for a variety of goods in Class 5; 4,515,238 for "BABY SHARK U.S.A" for a variety of goods in Class 28; 5,483,744 for "PINKFONG" for a variety of goods in Classes 3 and 21; 5,327,527 for "PINKFONG" for a variety of goods in Classes 9, 16 and 28; 4,993,122 for "PINKFONG" for a variety of goods in Classes 9 and 25; 6,487,494 for "PINKFONG" for a variety of goods in Classes 2, 3, 9, 14, 16, 18, 20, 21, 24, 25, 26, 27, 28, 30 and 41; 7,249,570 for registration of "PINKFONG" for goods in Class 30; 6,138,374 for **pinkfong** for a variety of goods in Class 41; 6,337,210 for "PINKFONG BABY SHARK" for a variety of goods in Class 21; 6,343,519 for "PINKFONG BABY SHARK" for a variety of goods in Class 25; 7,299,750 for "PINKFONG BABY SHARK" for a variety of goods in Class 25; 7,249,578 for "PINKFONG" for a variety of goods in Class 5; 6,503,438 for "PINKFONG" for a variety of goods in Class 5; and 6,495,600 for ▨ for a variety of goods in Classes 9 and 41 |
| **Baby Shark Application** | U.S. Trademark Serial Application No. 88/530,086 for registration of "BABY SHARK" for a variety of goods in Classes 2, 3, 9, 14, 16, 18, 20, 21, 24, 25, 26, 27, 28, 29, 30, 32 and 41 |
| **Baby Shark Marks** | The marks covered by the Baby Shark Registrations and Baby Shark Application |
| **Baby Shark Works** | U.S. Copyright Registration Nos.: VA 2-130-856, covering Baby Shark; VA 2-130-847, covering Daddy Shark; VA 2-130-854, covering Mommy Shark; VA 2-131-983, covering Pink Fong Mascot |
| **Baby Shark Products** | A wide variety of consumer products created via an extensive worldwide licensing program such as toys, sound books, t-shirts, associated with and/or related to the Baby Shark Content |
| **Counterfeit Products** | Products bearing or used in connection with the Baby Shark Marks and/or Baby Shark Works, and/or products in packaging and/or containing labels and/or hang tags bearing the Baby Shark Marks and/or Baby Shark Works, and/or bearing or used in connection with marks and/or artwork that are confusingly or substantially similar to the Baby Shark Marks and/or Baby Shark Works and/or products that are identical or |

| | |
|---|---|
| | confusingly or substantially similar to the Baby Shark Products |
| **Infringing Listings** | Defendants' listings for Counterfeit Products |
| **User Accounts** | Any and all websites and any and all accounts with online marketplace platforms such as Amazon, as well as any and all as yet undiscovered accounts with additional online marketplace platforms held by or associated with Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them |
| **Merchant Storefronts** | Any and all User Accounts through which Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them operate storefronts to manufacture, import, export, advertise, market, promote, distribute, display, offer for sale, sell and/or otherwise deal in Counterfeit Products, which are held by or associated with Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them |
| **Defendants' Assets** | Any and all money, securities or other property or assets of Defendants (whether said assets are located in the U.S. or abroad) |
| **Defendants' Financial Accounts** | Any and all financial accounts associated with or utilized by any Defendants or any Defendants' User Accounts or Merchant Storefront(s) (whether said account is located in the U.S. or abroad) |
| **Financial Institutions** | Amazon.com, Inc., Amazon Payments, Inc. ("Amazon Pay"), PayPal Inc. ("PayPal"), Payoneer Inc. ("Payoneer"), PingPong Global Solutions, Inc. ("PingPong") and Airwallex (Hong Kong) Limited ("Airwallex") |
| **Third Party Service Providers** | Online marketplace platforms, including, without limitation, those owned and operated, directly or indirectly, by Amazon, such as Amazon.com, as well as any and all as yet undiscovered online marketplace platforms and/or entities through which Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them manufacture, import, export, advertise, market, promote, distribute, offer for sale, sell and/or otherwise deal in Counterfeit Products which are hereinafter identified as a result of any order entered in this action, or otherwise |

On this day, the Court considered Plaintiff's *ex parte* application for the following: 1) a temporary restraining order; 2) an order restraining Merchant Storefronts and Defendants' Assets with the Financial Institutions; 3) an order to show cause why a preliminary injunction should not issue; 4) an order authorizing in part bifurcated and alternative service and 5) an order authorizing expedited discovery against Defendants, Third Party Service Providers and Financial Institutions in light of Defendants' intentional and willful offerings for sale and/or sales of Counterfeit Products.[1] A complete list of Defendants is attached hereto as **Schedule A**, which also includes links to Defendants' Merchant Storefronts and Infringing Listings. Having reviewed the Application, Declarations of Jungho Choi and Grace A. Rawlins, along with exhibits attached thereto and other evidence submitted in support thereof, the Court makes the following findings of fact and conclusions of law:

<u>**PRELIMINARY FACTUAL FINDINGS & CONCLUSIONS OF LAW**</u>

Plaintiff's allegations are assumed to be true solely for the purpose of adjudicating its request for this Order.

1.      Pinkfong is a global entertainment company specializing in Pinkfong is a global entertainment company specializing in developing animated and gaming content to deliver high-quality entertainment. Headquartered in Seoul, South Korea, Pinkfong currently has 200+ employees and offices in Los Angeles, Shanghai and Hong Kong. Pinkfong has developed award-winning brands including "Pinkfong", "Monster Super League", "JellyKing" and "Tamago Monsters".

2.      Through its Pinkfong preschool brand, Pinkfong produces modern-day songs and stories to provide stimulating and fun learning experiences to children.

3.      One of Pinkfong's most successful creations is the Pinkfong "Baby Shark" song and viral music video with characters, which to date has amassed roughly 13 billion views on

---

[1] Where a defined term is referenced herein and not defined herein, the defined term should be understood as it is defined in the Glossary.

YouTube, making the Baby Shark song the most watched on YouTube as well as the first to hit 10 billion views, which also debuted at No. 32 on the Billboard Hot 100 Chart.

4.       Pinkfong has developed and initiated an extensive worldwide licensing program for a wide variety of consumer products such as toys, sound books and t-shirts associated with and/or related to the Baby Shark Marks, Baby Shark Works and the Baby Shark Content.

5.       While Pinkfong has gained significant common law trademark and other rights in its trademarks through its extensive use, advertising and promotion, Pinkfong has also protected its valuable rights by filing for and obtaining federal trademark registrations.

6.       For example, Pinkfong is the owner of the following U.S. Trademark Registration Nos.: U.S. Trademark Registration Nos.: 6,834,502 for "BABY SHARK" for a variety of goods in Classes 2, 3, 9, 14, 16, 18, 20, 21, 24, 25, 26, 27, 28, 29 and 30; 5,803,108 for "BABY SHARK" for    a    variety    of    goods    in    Class    28; 6,488,471 for "BABY SHARK" for a variety of goods in Classes 9, 16, 25 and 41; 7,249,577 for "BABY SHARK" for a variety of goods in Class 5; 4,515,238 for "BABY SHARK U.S.A" for a variety of goods in Class 28; 5,483,744 for "PINKFONG" for a variety of goods in Classes 3 and 21; 5,327,527 for "PINKFONG" for a variety of goods in Classes 9, 16 and 28; 4,993,122 for "PINKFONG" for a variety of goods in Classes 9 and 25; 6,487,494 for "PINKFONG" for a variety of goods in Classes 2, 3, 9, 14, 16, 18, 20, 21, 24, 25, 26, 27, 28, 30 and 41; 7,249,570 for registration of "PINKFONG" for goods in Class 30; 6,138,374 for **pinkfong** for a variety of goods in Class 41; 6,337,210 for "PINKFONG BABY SHARK" for a variety of goods in Class 21; 6,343,519 for "PINKFONG BABY SHARK" for a variety of goods in Class 25; 7,299,750 for "PINKFONG BABY SHARK" for a variety of goods in Class 25; 7,249,578 for "PINKFONG" for a variety of goods in Class 5; 6,503,438 for "PINKFONG" for a variety of goods in Class 5;

and

6,495,600 for  for a variety of goods in Classes 9 and 41. Additionally, Pinkfong also owns U.S. Trademark Serial Application No.: 88/530,086 for registration of "BABY SHARK" for a variety of goods in Classes 2, 3, 9, 14, 16, 18, 20, 21, 24, 25, 26, 27, 28, 29, 30, 32 and 41.

7.      The Baby Shark Marks are currently in use in commerce in connection with the Baby Shark Products.

8.      In addition, Plaintiff also owns both registered and unregistered copyrights related to the Baby Shark Content and Baby Shark Products. For example, Pinkfong is the owner of the following U.S. Copyright Registration Nos.: VA 2-130-856, covering Baby Shark; VA 2-130-847, covering Daddy Shark; VA 2-130-854, covering Mommy Shark; VA 2-131-983, covering Pink Fong Mascot, as well as numerous common law copyrights.

9.      Defendants are manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale or Counterfeit Product through Defendants' User Accounts and Merchant Storefronts with Amazon (see Schedule A for links to Defendants' Merchant Storefronts and Infringing Listings).

10.     Defendants are not, nor have they ever been, authorized distributors or licensees of the Baby Shark Products. Neither Plaintiff, nor any of Plaintiff's authorized agents, have consented to Defendants' use of the Baby Shark Marks and/or Baby Shark Works, nor has Plaintiff consented to Defendants' use of marks and/or artwork that are confusingly and/or substantially similar to, identical to and constitute a counterfeiting or infringement of the Baby Shark Marks and/or Baby Shark Works.

11.     Plaintiff is likely to prevail on its Lanham Act, Copyright Act and related common

law claims at trial.

12. As a result of Defendants' infringements, Plaintiff, as well as consumers, are likely to suffer immediate and irreparable losses, damages and injuries before Defendants can be heard in opposition, unless Plaintiff's Application for *ex parte* relief is granted:

    a. Defendants have offered for sale and sold ~~substandard~~ Counterfeit Products in the United States that infringe the Baby Shark Marks and/or Baby Shark Works;

    b. More ~~Plaintiff has well-founded fears that more~~ Counterfeit Products may ~~will~~ appear in the marketplace; ~~that~~ consumers may be misled, confused and disappointed by the quality of these Counterfeit Products, resulting in injury to Plaintiff's reputation and goodwill; and ~~that~~ Plaintiff may suffer loss of sales for the Baby Shark Products; and

    c. If Plaintiff proceeds ~~Plaintiff has well-founded fears that if they proceed~~ on notice to Defendants on this Application, Defendants may ~~will~~ (i) secret, conceal, destroy, alter, sell-off, transfer or otherwise dispose of or deal with Counterfeit Products or other goods that infringe the Baby Shark Marks and/or Baby Shark Works, the means of obtaining or manufacturing such Counterfeit Products, and records relating thereto that are in their possession or under their control, (ii) inform their suppliers and others of Plaintiff's claims with the result being that those suppliers and others may also secret, conceal, sell-off or otherwise dispose of Counterfeit Products or other goods infringing the Baby Shark Marks and/or Baby Shark Works, the means of obtaining or manufacturing such Counterfeit Products, and records relating thereto that are in their possession or under their control, (iii) secret, conceal, transfer or otherwise dispose of their ill-gotten proceeds from its sales of Counterfeit Products or other goods infringing the Baby Shark Marks and/or Baby Shark Works and records relating

thereto that are in their possession or under their control and/or (iv) open new User Accounts and Merchant Storefront under new or different names and continue to offer for sale and sell Counterfeit Products with little to no consequence.

13.    The balance of potential harm to Defendants of being prevented from continuing to profit from their illegal and infringing activities if a temporary restraining order is issued is far outweighed by the potential harm to Plaintiff, its business, the goodwill and reputation built up in and associated with the Baby Shark Marks and/or Baby Shark Works and to its reputations if a temporary restraining order is not issued.

14.    Public interest favors issuance of the temporary restraining order in order to protect Plaintiff's interests in and to its Baby Shark Marks and/or Baby Shark Works, and to protect the public from being deceived and defrauded by Defendants' passing off of their substandard Counterfeit Products as Baby Shark Products.

15.    Plaintiff has not publicized its request for a temporary restraining order in any way.

16.    Service on Defendants via electronic means is reasonably calculated to result in proper notice to Defendants.

17.    If Defendants are given notice of the Application, they are likely to secret, conceal, transfer or otherwise dispose of their ill-gotten proceeds from their sales of Counterfeit Products or other goods infringing the Baby Shark Marks and/or Baby Shark Works. Therefore, good cause exists for granting Plaintiff's request for an asset restraining order. It typically takes the Financial Institutions a minimum of five (5) days after service of the Order to locate, attach and freeze Defendants' Assets and/or Defendants' Financial Accounts and it is anticipated that it will take the Third Party Service Providers a minimum of five (5) days to freeze Defendants' Merchant Storefronts. As such, the Court allows enough time for Plaintiff to serve the Financial Institutions

and Third Party Service Providers with this Order, and for the Financial Institutions and Third Party Service Providers to comply with the Paragraphs I(B)(1) and I(C)(1) of this Order, respectively, before requiring service on Defendants.

18.    Similarly, if Defendants are given notice of the Application, they are likely to destroy, move, hide or otherwise make inaccessible to Plaintiff the records and documents relating to Defendants' manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale and/or sale of Counterfeit Products.  Therefore, Plaintiff has good cause to be granted expedited discovery.

## ORDER

Based on the foregoing findings of fact and conclusions of law, Plaintiff's Application is hereby **GRANTED** as follows:

### I.    Temporary Restraining Order

A.  IT IS HEREBY ORDERED, as sufficient cause has been shown, that Defendants are hereby restrained and enjoined from engaging in any of the following acts or omissions in the United States (with the exception of the acts and omissions described in paragraphs 6-8 below, which shall apply worldwide) for fourteen (14) days from the date of this order, and for such further period as may be provided by order of the Court:

1)    manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in Counterfeit Products, or any other products bearing the Baby Shark Marks and/or Baby Shark Works and/or marks and/or artwork that are confusingly and/or substantially similar to, identical to and constitute a counterfeiting or infringement of the Baby Shark Marks and/or Baby Shark Works;

2)    operation of Defendants' User Accounts and Defendants' Merchant Storefronts, including, without limitation, continued operation of Defendants' User Accounts and Merchant Storefronts in violation of this Order;

3)    directly or indirectly infringing in any manner Plaintiff's Baby Shark Marks and/or Baby Shark Works;

4)    using any reproduction, counterfeit, copy or colorable imitation of Plaintiff's Baby Shark Marks and/or Baby Shark Works to identify any goods or service not authorized by Plaintiff;

5)    using Plaintiff's Baby Shark Marks and/or Baby Shark Works and/or any other marks and/or artwork that are confusingly similar or substantially similar to the Baby Shark Marks and/or Baby Shark Works on or in connection with Defendants' manufacturing, importing, exporting, advertising, marketing, promoting, distributing, offering for sale, selling and/or otherwise dealing in Counterfeit Products;

6)    using any false designation of origin or false description, or engaging in any action which is likely to cause confusion, cause mistake and/or to deceive members of the trade and/or the public as to the affiliation, connection or association of any product manufactured, imported, exported, advertised, marketed, promoted, distributed, displayed, offered for sale or sold by Defendants with Plaintiff, and/or as to the origin, sponsorship or approval of any product manufactured, imported, exported, advertised, marketed, promoted, distributed, displayed, offered for sale or sold by Defendants and Defendants' commercial activities and Plaintiff;

7)    secreting, concealing, destroying, altering, selling off, transferring or otherwise disposing of and/or dealing with: (i) Counterfeit Products and/or (ii) any computer files,

data, business records, documents or any other records or evidence relating to their User Accounts, Merchant Storefronts or Defendants' Assets and the manufacture, importation, exportation, advertising, marketing, promotion, distribution, display, offering for sale and/or sale of Counterfeit Products;

8) effecting assignments or transfers, forming new entities or associations, or creating and/or utilizing any other platform, User Account, Merchant Storefront or any other means of importation, exportation, advertising, marketing, promotion, distribution, display, offering for sale and/or sale of Counterfeit Products for the purposes of circumventing or otherwise avoiding the prohibitions set forth in this Order; and

9) knowingly instructing any other person or business entity to engage in any of the activities referred to in subparagraphs I(A)(1) through I(A)(8) above and I(B)(1) and I(C)(1) below.

B. IT IS HEREBY ORDERED, as sufficient cause has been shown, that Defendants and all persons in active concert and participation with them who receive actual notice of this Order, including the Third Party Service Providers and Financial Institutions who satisfy those requirements and are identified in this Order are hereby restrained and enjoined from engaging in any of the following acts or omissions for fourteen (14) days from the date of this order, and for such further period as may be provided by order of this Court:

1) secreting, concealing, transferring, disposing of, withdrawing, encumbering or paying Defendants' Assets from or to Defendants' Financial Accounts until further ordered by this Court.

C. IT IS HEREBY ORDERED, as sufficient cause has been shown, that immediately upon receipt of service of this Order, Defendants and all persons in active concert and participation with

them who receive actual notice of this Order, including the Third Party Service Providers who satisfy those requirements, are restrained and enjoined from engaging in any of the following acts or omissions for fourteen (14) days from the date of this order, and for such further period as may be provided by order of this Court:

1)    operation of Defendants' User Accounts and Defendants' Merchant Storefronts, including, without limitation, continued operation of Defendants' User Accounts and Merchant Storefronts in violation of this Order; and

2)    instructing, aiding, or abetting Defendants and/or any other person or business entity in engaging in any of the activities referred to in subparagraphs I(A)(1) through I(A)(8), I(B)(1) and I(C)(1) above, including, without limitation, by providing services necessary for Defendants to continue operating Defendants' User Accounts and Merchant Storefronts in violation of this Order.

## II.    Order to Show Cause Why A Preliminary Injunction Should Not Issue And Order Of Notice

A.  Defendants are hereby ORDERED to show cause before this Court in Courtroom xxxxxxx of the United States District Court for the Southern District of New York at 500 Pearl Street, XXXXXX Square, New York, New York    on August 22, 2024, at 3:00 P.M. (EST).

why a preliminary injunction, pursuant  to Fed. R. Civ. P. 65(a), should not issue.

The parties shall join the conference by dialing (646) 453 - 4442 and entering the Conference ID: 406 681 065, followed by the pound sign (#).

B.  IT IS FURTHER ORDERED that opposing papers, if any, shall be filed electronically with the Court and served on Plaintiff's counsel by delivering copies thereof to the office of Epstein Drangel LLP at 60 East 42nd Street, Suite 1250, New York, NY 10165, Attn: Jason M. Drangel on or before August 19 _____, 2024.  Plaintiff shall file any Reply papers on or before August 21 _____, 2024.

C. IT IS FURTHER ORDERED that Defendants are hereby given notice that failure to appear at the show cause hearing scheduled in **Paragraph II(A)** above may result in the imposition of a preliminary injunction against them pursuant to Fed. R. Civ. P. 65, which may take effect immediately upon the expiration of this Order, and may extend throughout the length of the litigation under the same terms and conditions set forth in this Order.

### III.    Asset Restraining Order

A. IT IS FURTHER ORDERED pursuant to Fed. R. Civ. P. 64 and 65 and N.Y. C.P.L.R. 6201 and this Court's inherent equitable power to issue provisional remedies ancillary to its authority to provide final equitable relief, as sufficient cause has been shown, that within five (5) days of receipt of service of this Order, the Financial Institutions shall locate and attach Defendants' Financial Accounts and/or Defendants' Assets and shall provide written confirmation of such attachment to Plaintiff's counsel.

### IV.    Order Authorizing Bifurcated and Alternative Service by Electronic Means  In Part

A. IT IS FURTHER ORDERED pursuant to Fed. R. Civ. P. 4(f)(3), as sufficient cause has been shown, that service may be made on, and shall be deemed effective as to Defendants if it is completed by the following means:

1)      delivery of: (i) PDF copies of this Order together with the Summons and Complaint, and (ii) a link to a secure website (including NutStore, a large mail link created through Rmail.com and via website publication through a specific page dedicated to this Lawsuit accessible through ipcounselorslawsuit.com) where each Defendant will be able to download PDF copies of this Order together with the Summons and Complaint, and all papers filed in support of Plaintiff's Application seeking this Order to Defendants' e-mail addresses to be determined after having been identified Amazon pursuant to **Paragraph V(C)**.

Section IV of this Order only applies to the Defendants identified in paragraph 33(a) and 33(b) of the Rawlins Declaration submitted in connection with the motion, namely Defendants anqingtaxiang, chenweiqi-us, linchen4, liyihuadianpu, Moeyco, MoYag, Paddy Field, tainzhanzheng, Wencheng usa, Shiliujun Store, Guizhou Langjia Trading Co., Ltd., LIWANGJUN, MACAENA, and SHAYUSET.

B.  IT IS FURTHER ORDERED, as sufficient cause has been shown, that such alternative service by electronic means ordered herein shall be deemed effective as to Defendants, Third Party Service Providers and Financial Institutions through the pendency of this action.

C.  IT IS FURTHER ORDERED, as sufficient cause has been shown, that such alternative service by electronic means ordered herein shall be made within five (5) days of the Financial Institutions and Third Party Service Providers' compliance with **Paragraphs III(A)** and **V(C)** of this Order.

D.  IT IS FURTHER ORDERED, as sufficient cause has been shown, that the Clerk of the Court shall issue a single original summons directed to all Defendants as listed in an attachment to the summons that will apply to all Defendants.

E.  IT IS FURTHER ORDERED, as sufficient cause has been shown, that service may be made and shall be deemed effective as to the following if it is completed by the below means:

    1)  delivery of: (i) a PDF copy of this Order, or (ii) a link to a secure website where PayPal Inc. will be able to download a PDF copy of this Order via electronic mail to PayPal Legal Specialist at EEOMALegalSpecialist@paypal.com;

    2)  delivery of: (i) a true and correct copy of this Order via Federal Express to Amazon.com, Inc. at Corporation Service Company 300 Deschutes Way SW, Suite 304, Tumwater, WA 98501, (ii) a PDF copy of this Order or (iii) a link to a secure website where Amazon.com, Inc. and Amazon Pay will be able to download a PDF copy of this Order via electronic mail to tro-notices@amazon.com;

    3)  delivery of: (i) a PDF copy of this Order, or (ii) a link to a secure website where Payoneer Inc. will be able to download a PDF copy of this Order via electronic mail to thirdpartyrequests@payoneer.com;

4)    delivery of: (i) a PDF copy of this Order, or (ii) a link to a secure website where PingPong Global Solutions Inc. will be able to download a PDF copy of this Order via electronic mail to legal-int@pingpongx.com; and

5)    delivery of: (i) a PDF copy of this Order, or (ii) a link to a secure website where Airwallex will be able to download a PDF copy of this Order via electronic mail to kking@maglaw.com.

### V.    Order Authorizing Expedited Discovery

A. IT IS FURTHER ORDERED, as sufficient cause has been shown, that:

1)    Within fourteen (14) days after receiving service of this Order, each Defendant shall serve upon Plaintiff's counsel a written report under oath providing:

    a.   their true name and physical address;

    b.   the name and location and URL of any and all websites that Defendants own and/or operate and the name, location, account numbers and URL for any and all User Accounts and Merchant Storefronts on any Third Party Service Provider platform that Defendants own and/or operate;

    c.   the complete sales records for any and all sales of Counterfeit Products, including but not limited to number of units sold, the price per unit, total gross revenues received (in U.S. dollars) and the dates thereof;

    d.   the account details for any and all of Defendants' Financial Accounts, including, but not limited to, the account numbers and current account balances; and

    e.   the steps taken by each Defendant, or other person served to comply with **Section I**, above.

2)    Plaintiff may serve interrogatories pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure as well as Local Civil Rule 33.3 of the Local Rules for the Southern

and Eastern Districts of New York and Defendants who are served with this Order shall provide written responses under oath to such interrogatories within fourteen (14) days of service to Plaintiff's counsel.

3) Plaintiff may serve requests for the production of documents pursuant to Fed. R. Civ. P. 26 and 34, and Defendants who are served with this Order and the requests for the production of documents shall produce all documents responsive to such requests within fourteen (14) days of service to Plaintiff's counsel.

B. IT IS FURTHER ORDERED, as sufficient cause has been shown, that within five (5) days of receipt of service of this Order the Financial Institutions served with this Order shall identify any and all of Defendants' Financial Accounts, and provide Plaintiff's counsel with a summary report containing account details for any and all such accounts, which shall include, at a minimum, identifying information for Defendants, including contact information for Defendants (including, but not limited to, mailing addresses and e-mail addresses), account numbers and account balances for any and all of Defendants' Financial Accounts and confirmation of said compliance with this Order.

C. IT IS FURTHER ORDERED, as sufficient cause has been shown, that within five (5) days of receipt of service of this Order, the Third Party Service Providers served with this Order shall identify any and all of Defendants' User Accounts and Merchant Storefronts, and provide Plaintiff's counsel with a summary report containing account details for any and all User Accounts and Merchant Storefronts, which shall include, at a minimum, identifying information for Defendants and Defendants' User Accounts and Defendants' Merchant Storefronts, contact information for Defendants (including, but not limited to, mailing addresses and e-mail addresses) and confirmation of said compliance with this Order.

16

D.  IT IS FURTHER ORDERED, as sufficient cause has been shown, that:

1)      Within fourteen (14) days of receiving actual notice of this Order, all Financial Institutions who are served with this Order shall provide Plaintiff's counsel all documents and records in their possession, custody or control (whether located in the U.S. or abroad) relating to any and all of Defendants' Financial Accounts, including, but not limited to, documents and records relating to:

a.  account numbers;

b.  current account balances;

c.  any and all identifying information for Defendants, Defendants' User Accounts and Defendants' Merchant Storefronts, including, but not limited to, names, addresses and contact information;

d.  any and all account opening documents and records, including, but not limited to, account applications, signature cards, identification documents and if a business entity, any and all business documents provided for the opening of each and every of Defendants' Financial Accounts;

e.  any and all deposits and withdrawals during the previous year from each and every one of Defendants' Financial Accounts and any and all supporting documentation, including, but not limited to, deposit slips, withdrawal slips, cancelled checks and account statements; and

f.  any and all wire transfers into each and every one of Defendants' Financial Accounts during the previous year, including, but not limited to, documents sufficient to show the identity of the destination of the transferred funds, the identity of the beneficiary's bank and the beneficiary's account number.

E.  IT IS FURTHER ORDERED, as sufficient cause has been shown, that:

1)    Within fourteen (14) days of receipt of service of this Order, the Third Party Service Providers served with this Order shall provide to Plaintiff's counsel all documents and records in its possession, custody or control (whether located in the U.S. or abroad) relating to Defendants' User Accounts and Defendants' Merchant Storefronts, including, but not limited to, documents and records relating to:

a.   any and all User Accounts and Defendants' Merchant Storefronts and account details, including, without limitation, identifying information and account numbers for any and all User Accounts and Defendants' Merchant Storefronts that Defendants have ever had and/or currently maintain with the Third Party Service Providers that were not previously provided pursuant to Paragraph V(C);

b.   the identities, location and contact information, including any and all e-mail addresses of Defendants that were not previously provided pursuant to Paragraph V(C);

c.   the nature of Defendants' businesses and operations, methods of payment, methods for accepting payment and any and all financial information, including, but not limited to, information associated with Defendants' User Accounts and Defendants' Merchant Storefronts, a full accounting of Defendants' sales history and listing history under such accounts and Defendants' Financial Accounts with any and all Financial Institutions associated with Defendants' User Accounts and Defendants' Merchant Storefronts; and

d.   Defendants' manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale and/or selling of Counterfeit

18

Products, or any other products bearing the Baby Shark Marks and/or Baby Shark Works and/or marks and/or artwork that are confusingly or substantially similar to, identical to and constitute an infringement of the Baby Shark Marks and/or Baby Shark Works.

## VI.    Security Bond

A. IT IS FURTHER ORDERED that Plaintiff shall place security in the amount of __$5,000__ Dollars (_____) with the Court which amount is determined adequate for the payment of any damages any person may be entitled to recover as a result of an improper or wrongful restraint ordered hereunder.

## VII.    Sealing Order

A. IT IS FURTHER ORDERED that Plaintiff's Complaint and exhibits attached thereto, and Plaintiff's *ex parte* Application and the Declarations of Jungho Choi and Grace A. Rawlins in support thereof and exhibits attached thereto, and this Order shall remain sealed until the Financial Institutions and Third Party Service Providers comply with **Paragraphs I(B)-(C), III(A) and V(C)** of this Order.

**SO ORDERED.**

Dale E. Ho
United States District Judge
Dated: August 12, 2024
New York, New York

19

# SCHEDULE A

| No. | Defendant | Infringin Listing | Merchant Storefront |
|---|---|---|---|
| 1 | anqingtaxiang | https://www.amazon.com/Cartoon-Birthday-Children-Suitable-Parties/dp/B0CZRKYX71 | https://www.amazon.com/s?me=A3B9S0N3LPMSRU |
| 2 | Asharkcostume | https://www.amazon.com/Abbence-Birthday-Outfit-Skirts-Toddler/dp/B0D1GHRSWK | https://www.amazon.com/s?me=A1IP5CIUKCHNQF |
| 3 | chengduyaorongzhenxuanmaoyiyouxiangongsi | https://www.amazon.com/Pieces-Cupcake-Toppers-Decorations-Birthday/dp/B0C9ZK3NP4 | https://www.amazon.com/s?me=A343KHYPJOHSEY |
| 4 | chenweiqi-us | https://www.amazon.com/dp/B0D4PNVBKZ | https://www.amazon.com/s?me=A12B53W4NAOZYV |
| 5 | fo shan shi si ma te fu shi you xian gong si | https://www.amazon.com/SMTLGMHYM-Inflatable-Halloween-Festivals-Costumes/dp/B0B9HZK8GQ | https://www.amazon.com/s?me=A2NGOITR7QXD0S |
| 6 | Guizhou Langjia Trading Co., Ltd. | https://www.amazon.com/AUVOTA-Baby-Cute-Shark-Plush/dp/B0CT911J2R | https://www.amazon.com/s?me=A2FHVM9X1RUQB9 |
| 7 | hzsy | https://www.amazon.com/Souvenir-Plastic-Present-Handles-Supplies/dp/B0D3QTWD1J | https://www.amazon.com/s?me=AFUQLOOY46Z6X |
| 8 | linchen4 | https://www.amazon.com/dp/B0CNK48KZG | https://www.amazon.com/s?me=A1LYBKIX452PQU |
| 9 | LIWANGJUN | https://www.amazon.com/Plush-Luminous-Birthday-Children-Yellow/dp/B0CJCK41HZ | https://www.amazon.com/s?me=AZXTQZGIEKNW |
| 10 | liyihuadianpu | https://www.amazon.com/Birthday-Childrens-Supplies-Classroom-Decoration/dp/B0D2TTT3XG | https://www.amazon.com/s?me=A2W7Z651IS7G5Y |
| 11 | LOMON CARTOON | https://www.amazon.com/Inflatable-Costume-Halloween-Blow-up-Jumpsuit/dp/B08CC2HXM3 | https://www.amazon.com/s?me=A1WHBHLCXVP1QH |
| 12 | MACAENA | https://www.amazon.com/Balloons-Decorations-Animal-Birthday-Supplies/dp/B0D3D4D6MT | https://www.amazon.com/s?me=A3CFU0V0MJFOV8 |
| 13 | MILIUS | https://www.amazon.com/dp/B09K553ZNJ | https://www.amazon.com/s?me=A1BMYZOY00PVOZ |
| 14 | Moeyco | https://www.amazon.com/ADIRUN-Birthday-Toddler-Clothes-Headband/dp/B0BGPNM1T2 | https://www.amazon.com/s?me=A37SKNAGDHKN4C |
| 15 | MoYag | https://www.amazon.com/Swimsuit-Months-Sleeved-Headband-Supplies/dp/B0BC7RBV4R | https://www.amazon.com/s?me=A3AUVN95ZN0BXH |
| 16 | Paddy Field | https://www.amazon.com/Birthday-Outfit-Bowtie-Romper-Bodysuit/dp/B08D73XD6V | https://www.amazon.com/s?me=A38KMG9Q9DOO14 |
| 17 | SHAYUSET | https://www.amazon.com/Decorations-Birthday-Supplies-Flatware-Tablecloth/dp/B0D1YB1G22 | https://www.amazon.com/s?me=A4X7J7UD5MM69 |
| 18 | taianzhanzheng | https://www.amazon.com/Birthday-Coloured-Underwater-Childrens-Decoration/dp/B0D3G1QL2L | https://www.amazon.com/s?me=A2R2Y9Z9XA6DDZ |
| 19 | Tuwang | https://www.amazon.com/SJOLOON-Birthday-Backdrop-Photography-Backdrops/dp/B07NWNN5LC | https://www.amazon.com/s?me=A14H259503S7SJ |
| 20 | Wencheng usa | https://www.amazon.com/Birthday-Decorations-Supplies-Pennants-Balloons/dp/B0CXXGFL9K | https://www.amazon.com/s?me=A2IR1Q6I6SH886 |
| 21 | XIANQILIANGMUWEILAIKEQI | https://www.amazon.com/Birthday-Decorations-Tablecloth-Balloon-Backdrop/dp/B0D39RYKZ7 | https://www.amazon.com/s?me=A38ZJCN1OJVOZ2 |
| 22 | 施六金de店 a/k/a Shiliujin store | https://www.amazon.com/Flutter-Sleeves-Cartoon-Printed-Toddlers/dp/B0CYQGY7D1 | https://www.amazon.com/s?me=A1H185YOIWTTXJ |