Jason M. Drangel (JD 7204)
jdrangel@ipcounselors.com
Ashly E. Sands (AS 7715)
asands@ipcounselors.com
Danielle S. Futterman (DY 4228)
dfutterman@ipcounselors.com
Gabriela N. Nastasi
gnastasi@ipcounselors.com
Grace A. Rawlins
grawlins@ipcounselors.com
EPSTEIN DRANGEL LLP
60 East 42nd Street, Suite 1250
New York, NY 10165
Telephone: (212) 292-5390
Facsimile: (212) 292-5391
*Attorneys for Plaintiff*
*The Pinkfong Company, Inc.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| THE PINKFONG COMPANY, INC., <br><br> *Plaintiff* <br><br> v. <br><br> ANQINGTAXIANG, ASHARKCOSTUME, CHENGDUYAORONGZHENXUANMAOYIYOUXIAN GONGSI, CHENWEIQI-US, FO SHAN SHI SI MA TE FU SHI YOU XIAN GONG SI, GUIZHOU LANGJIA TRADING CO., LTD., HZSY, LINCHEN4, LIWANGJUN, LIYIHUADIANPU, LOMON CARTOON, MACAENA, MILIUS, MOEYCO, MOYAG, PADDY FIELD, SHAYUSET, TAIANZHANZHENG, TUWANG, WENCHENG USA, XIANQILIANGMUWEILAIKEQI and 施六金DE店 a/k/a SHILIUJIN STORE, <br><br> *Defendants* | **CIVIL ACTION NO. 24-cv-6055 (DEH)** <br><br> **[PROPOSED]** <br> **FINAL DEFAULT JUDGMENT AND PERMANENT INJUNCTION ORDER** |

# GLOSSARY

| Term | Definition | Docket Entry Number |
|---|---|---|
| **Plaintiff** | The Pinkfong Company, Inc. | N/A |
| **Defendants** | anqingtaxiang, Asharkcostume, chengduyaorongzhenxuanmaoyiyouxiangongsi, chenweiqi-us, fo shan shi si ma te fu shi you xian gong si, Guizhou Langjia Trading Co., Ltd., hzsy, linchen4, LIWANGJUN, liyihuadianpu, LOMON CARTOON, MACAENA, MILIUS, Moeyco, MoYag, Paddy Field, SHAYUSET, taianzhanzheng, Tuwang, Wencheng usa, XIANQILIANGMUWEILAIKEQI and 施六金de店 a/k/a Shiliujin store | N/A |
| **Defaulting Defendants** | anqingtaxiang, chenweiqi-us, fo shan shi si ma te fu shi you xian gong si, Guizhou Langjia Trading Co., Ltd., hzsy, linchen4, LIWANGJUN, liyihuadianpu, MACAENA, MILIUS, Moeyco, MoYag, Paddy Field, SHAYUSET, taianzhanzheng, Wencheng usa, XIANQILIANGMUWEILAIKEQI and 施六金de店 a/k/a Shiliujin store | N/A |
| **Amazon** | Amazon.com, a Seattle, Washington-based, online marketplace and e-commerce platform owned by Amazon.com, Inc., a Delaware corporation, that allows manufacturers and other third-party merchants, like Defendants, to advertise, distribute, offer for sale, sell and ship their retail products, which, upon information and belief, primarily originate from China, directly to consumers worldwide and specifically to consumers residing in the U.S., including New York | N/A |
| **Sealing Order** | Order to Seal File entered on August 8, 2024 | Dkt. 1 |
| **Complaint** | Plaintiff's Complaint filed on August 9, 2024 | Dkt. 9 |
| **Application** | Plaintiff's ex parte Application for: 1) a temporary restraining order; 2) an order restraining Merchant Storefronts (as defined *infra*) and Defendants' Assets (as defined *infra*) with the Financial Institutions (as defined *infra*); 3) an order to show cause why a preliminary injunction should not issue; 4) an order authorizing bifurcated and alternative service and 5) an order authorizing expedited discovery filed on August 9, 2024 | Dkts. 15-18 |
| **Choi Dec.** | Declaration of Jungho Choi in Support of Plaintiff's Application | Dkt. 26 |

| **Rawlins Dec.** | Declaration of Grace A. Rawlins in Support of Plaintiff's Application | Dkt. 25 |
|---|---|---|
| **TRO** | 1) Temporary Restraining Order; 2) Order Restraining Merchant Storefronts and Defendants' Assets with the Financial Institutions; 3) Order to Show Cause Why a Preliminary Injunction Should Not Issue; 4) Order Authorizing Bifurcated and Alternative Service; and 5) Order Authorizing Expedited Discovery | Dkt. 10 |
| **User Account(s)** | Any and all websites and any and all accounts with online marketplace platforms such as Amazon, as well as any and all as yet undiscovered accounts with additional online marketplace platforms held by or associated with Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them | N/A |
| **Merchant Storefronts** | Any and all User Accounts through which Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them operate storefronts to manufacture, import, export, advertise, market, promote, distribute, display, offer for sale, sell and/or otherwise deal in Counterfeit Products, which are held by or associated with Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them | N/A |
| **Baby Shark Content** | One of Pinkfong's most successful creations, which is the Pinkfong "Baby Shark" song and viral music video with characters | N/A |
| **Baby Shark Application** | U.S. Trademark Serial Application No. 88/530,086 for registration of "BABY SHARK" for a variety of goods in Classes 2, 3, 9, 14, 16, 18, 20, 21, 24, 25, 26, 27, 28, 29, 30, 32 and 41 | N/A |
| **Baby Shark Registrations** | U.S. Trademark Registration Nos. 6,834,502 for "BABY SHARK" for a variety of goods in Classes 2, 3, 9, 14, 16, 18, 20, 21, 24, 25, 26, 27, 28, 29 and 30; 5,803,108 for "BABY SHARK" for a variety of goods in Class 28; 6,488,471 for "BABY SHARK" for a variety of goods in Classes 9, 16, 25 and 41; 7,249,577 for "BABY SHARK" for a variety of goods in Class 5; 4,515,238 for "BABY SHARK U.S.A" for a variety of goods in Class 28; 5,483,744 for "PINKFONG" for a variety of goods in Classes 3 and 21; 5,327,527 for "PINKFONG" for a variety of goods in Classes 9, 16 and 28; 4,993,122 for "PINKFONG" for a variety of goods in Classes 9 and 25; 6,487,494 for "PINKFONG" for a variety of | N/A |

| | | |
|---|---|---|
| | goods in Classes 2, 3, 9, 14, 16, 18, 20, 21, 24, 25, 26, 27, 28, 30 and 41; 7,249,570 for registration of "PINKFONG" for goods in Class 30; 6,138,374 for **pinkfong** for a variety of goods in Class 41; 6,337,210 for "PINKFONG BABY SHARK" for a variety of goods in Class 21; 6,343,519 for "PINKFONG BABY SHARK" for a variety of goods in Class 25; 7,299,750 for "PINKFONG BABY SHARK" for a variety of goods in Class 25; 7,249,578 for "PINKFONG" for a variety of goods in Class 5; 6,503,438 for "PINKFONG" for a variety of goods in Class 5; and 6,495,600 for [musical notation] for a variety of goods in Classes 9 and 41 | |
| **Baby Shark Marks** | The marks covered by the Baby Shark Registrations and Baby Shark Application | N/A |
| **Baby Shark Works** | U.S. Copyright Registration Nos.: VA 2-130-856, covering Baby Shark; VA 2-130-847, covering Daddy Shark; VA 2-130-854, covering Mommy Shark; VA 2-131-983, covering Pink Fong Mascot | N/A |
| **Baby Shark Products** | A wide variety of consumer products created via an extensive worldwide licensing program such as toys, sound books, t-shirts, associated with and/or related to the Baby Shark Content | N/A |
| **Counterfeit Products** | Products bearing or used in connection with the Baby Shark Marks and/or Baby Shark Works, and/or products in packaging and/or containing labels and/or hang tags bearing the Baby Shark Marks and/or Baby Shark Works, and/or bearing or used in connection with marks and/or artwork that are confusingly or substantially similar to the Baby Shark Marks and/or Baby Shark Works and/or products that are identical or confusingly or substantially similar to the Baby Shark Products | N/A |
| **Defendants' Assets** | Any and all money, securities or other property or assets of Defendants (whether said assets are located in the U.S. or abroad) | N/A |
| **Defendants' Financial Accounts** | Any and all financial accounts associated with or utilized by any Defendants or any Defendants' User Accounts or Merchant Storefront(s) (whether said account is located in the U.S. or abroad) | N/A |
| **Financial Institutions** | Amazon.com, Inc., Amazon Payments, Inc. ("Amazon Pay"), PayPal Inc. ("PayPal"), Payoneer Inc. | N/A |

|  | ("Payoneer") and PingPong Global Solutions, Inc. ("PingPong") |  |
|---|---|---|
| **Third Party Service Providers** | Online marketplace platforms, including, without limitation, those owned and operated, directly or indirectly, by Amazon, such as Amazon.com, as well as any and all as yet undiscovered online marketplace platforms and/or entities through which Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them manufacture, import, export, advertise, market, promote, distribute, offer for sale, sell and/or otherwise deal in Counterfeit Products which are hereinafter identified as a result of any order entered in this action, or otherwise | N/A |
| **Amazon Discovery** | The supplemental report identifying Defendants' Infringing ASIN Number, Merchant Customer ID, Net Ordered Units, among other things, provided by counsel for Amazon to Plaintiff's counsel pursuant to the expedited discovery ordered in both the TRO and PI Order | N/A |
| **Plaintiff's Motion for Default Judgment** | Plaintiff's Motion for Default Judgment and a Permanent Injunction Against Defaulting Defendants filed on June 4, 2025 | 40-42 |
| **Nastasi Aff.** | Affidavit by Gabriela N. Nastasi in Support of Plaintiff's Motion for Default Judgment | 41 |

This matter comes before the Court by motion filed by Plaintiff for the entry of final judgment and permanent injunction by default against Defendants for Defendants' trademark infringement, trademark counterfeiting and copyright infringement, false designation of origin, passing off and unfair competition and related state and common law claims arising out of Defendants' unauthorized use of Plaintiff's Baby Shark Marks and/or Baby Shark Works including, without limitation, in their manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying or offering for sale and/or selling and/or sale of Counterfeit Products.[1]

The Court, having considered the Memorandum of Law and Affidavit of Gabriela N. Nastasi in support of Plaintiff's Motion for Default Judgment and a Permanent Injunction Against Defaulting Defendants, the Certificates of Service of the Summons and Complaint, the Certificate of the Clerk of the Court stating that no answer has been filed in the instant action, and upon all other pleadings and papers on file in this action, it is hereby ORDERED, ADJUDGED AND DECREED as follows:

### I. Defaulting Defendants' Liability

1) ORDERED, ADJUDGED AND DECREED that Plaintiff's Motion for Default Judgment is granted as to anqingtaxiang, chenweiqirus, linchen4, liyihuadianpu, Moeyco, MoYag, Paddy Field, tainzhanzheng, Wencheng usa, Shiliujin Store, Guizhou Langjia Trading Co., Ltd., LIW ANGTUN, MACAENA, SHA YUSET and XIANQILIANGMUWEILAIKEQI.

### II. Damages Awards

1) IT IS FURTHER ORDERED, ADJUDGED AND DECREED that because it would serve the compensatory and punitive purposes of the Lanham Act's prohibitions on trademark counterfeiting and infringement and the Copyright Act's prohibitions on willful infringement, and because Plaintiff has sufficiently set forth the basis for the statutory damages requested in

---

[1] Where a defined term is referenced herein and not defined herein, the defined term should be understood as it is defined in the Glossary.

its Motion for Default Judgment, the Court awards Plaintiff ~~Fifty Thousand U.S. Dollars~~ ~~($50,000.00) in statutory damages against each of the eighteen (18) Defaulting Defendants~~ ~~pursuant to 15 U.S.C. § 1117(c) and/or 17 U.S.C. § 504(c), as well as post-judgment interest~~ ~~at the statutory rate set forth in 28 U.S.C. § 1961(a)~~. liquidated damages and post-judgment interest in an amount to be determined by the assigned Magistrate Judge in an inquest

### III. Permanent Injunction

1) IT IS FURTHER ORDERED, ADJUDGED AND DECREED, that Defaulting Defendants, their respective officers, agents, servants, employees and all persons acting in concert with or under the direction of Defaulting Defendants who receive actual notice of this Order are permanently enjoined and restrained from engaging in any of the following acts or omissions:

   A. manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in Counterfeit Products or any other products bearing the Baby Shark Marks and/or Baby Shark Works and/or marks and/or artwork that are confusingly or substantially similar to, identical to and constitute a counterfeiting and/or infringement of the Baby Shark Marks and/or Baby Shark Works;

   B. operation of Defaulting Defendants' User Accounts and Merchant Storefronts, including, without limitation, continued operation of Defaulting Defendants' User Accounts and Merchant Storefronts in violation of this Order;

   C. directly or indirectly infringing in any manner Plaintiff's Baby Shark Marks and/or Baby Shark Works;

   D. using any reproduction, counterfeit, copy or colorable imitation of Plaintiff's Baby Shark Marks and/or Baby Shark Works to identify any goods or services not authorized by Plaintiff;

E.  using Plaintiff's Baby Shark Marks and/or Baby Shark Works, or any other marks and/or artwork that are confusingly or substantially similar to the Baby Shark Marks and/or Baby Shark Works on or in connection with manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in the Counterfeit Products;

F.  using any false designation of origin or false description, or engaging in any action which is likely to cause confusion, cause mistake and/or to deceive members of the trade and/or the public as to the affiliation, connection or association of any product manufactured, imported, exported, advertised, marketed, promoted, distributed, displayed, offered for sale or sold by Defaulting Defendants with Plaintiff, and/or as to the origin, sponsorship or approval of any product manufactured, imported, exported, advertised, marketed, promoted, distributed, displayed, offered for sale or sold by Defaulting Defendants and Defaulting Defendants' commercial activities by Plaintiff;

G.  secreting, concealing, destroying, altering, selling off, transferring or otherwise disposing of and/or dealing with: (i) Counterfeit Products; (ii) any computer files, data, business records, documents or any other records or evidence relating to their User Accounts, Merchant Storefronts or Defaulting Defendants' Assets and the manufacture, importation, exportation, advertising, marketing, promotion, distribution, display, offering for sale and/or sale of Counterfeit Products; and

H.  effecting assignments or transfers, forming new entities or associations, or creating and/or utilizing any other platform, User Accounts, Merchant Storefronts or any other means of importation, exportation, advertising, marketing, promotion, distribution,

display, offering for sale and/or sale of Counterfeit Products for the purposes of circumventing or otherwise avoiding the prohibitions set forth in this Order.

2) IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Defaulting Defendants must deliver up for destruction to Plaintiff any and all Counterfeit Products and any and all packaging, labels, tags, advertising and promotional materials and any other materials in the possession, custody or control of Defaulting Defendants that infringe any of Plaintiff's trademarks, copyrights or other rights including, without limitation, the Baby Shark Marks and/or Baby Shark Works, or bear any marks and/or artwork that are confusingly or substantially similar to the Baby Shark Marks and/or Baby Shark Works pursuant to 15 U.S.C. § 1118;

3) IT IS FURTHER ORDERED ADJUDGED AND DECREED that the Defaulting Defendants and all persons in active concert and participation with them who receive actual notice of this Order, including the Third Party Service Providers and Financial Institutions who satisfy those requirements and are identified in this Order, are permanently enjoined and restrained from:

   A. secreting, concealing, transferring, disposing of, withdrawing, encumbering or paying Defaulting Defendants' Assets from or to Defaulting Defendants' Financial Accounts.

4) IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Defaulting Defendants and all persons in active concert and participation with them who receive actual notice of this Order, including the Third Party Service Providers who satisfy those requirements, are permanently enjoined and restrained from:

   A. operation of Defaulting Defendants' User Accounts and Defaulting Defendants' Merchant Storefronts, including, without limitation, continued operation of Defaulting Defendants' User Accounts and Merchant Storefronts; and

B. instructing, aiding or abetting Defaulting Defendants and/or any other person or business entity in engaging in any of the activities referred to in subparagraphs III(1)(A) through III(1)(H) above.

### IV.  Dissolution of Rule 62(a) Stay and Asset Turnover Pursuant to N.Y. C.P.L.R. § 5225

1) IT IS FURTHER ORDERED, as sufficient cause has been shown, the 30-day automatic stay on enforcing Plaintiff's judgment, pursuant to Fed. R. Civ. Pro. 62(a) is hereby dissolved.

2) IT IS FURTHER ORDERED, that one (1) week after final judgment is entered, Plaintiff will either: (1) file a motion for an asset turnover pursuant to N.Y. C.P.L.R. § 5225; or (2) notify the Court of its intention not to proceed with a request for an asset turnover so the case may be closed.

### V.  Miscellaneous Relief

1) Any failure by Defaulting Defendants to comply with the terms of this Order shall be deemed contempt of Court, subjecting Defaulting Defendants to contempt remedies to be determined by the Court, including fines and seizure of property;

2) The Court releases the Five Thousand U.S. Dollar ($5,000.00) security bond that Plaintiff submitted in connection with this action to counsel for Plaintiff, Epstein Drangel, LLP, 60 East 42nd Street, Suite 1250, New York, NY 10165; and

3) This Court shall retain jurisdiction over this matter and the parties in order to construe and enforce this Order.

**SO ORDERED.** The Clerk of Court is respectfully directed to terminate ECF No. 40.

SIGNED this __25th__ day of _____June_____, 2025, at XXXXXXXXXXX
New York, New York

_____
HON. DALE E. HO
UNITED STATES DISTRICT JUDGE

5